UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RUSSELL BRYANT,

                Plaintiff,

    -v-                                                    1:18-CV-562

GENERAL CASUALTY
COMPANY OF WISCONSIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MERLIN LAW GROUP<br>Attorneys for Plaintiff<br>125 Half Mile Road, Suite 201<br>Red Bank, NJ 07701 | VERNE PEDRO, ESQ. |
| GOLDBERG, SEGALLA LAW FIRM<br>Attorneys for Defendant<br>665 Main Street<br>Buffalo, NY 14202 | JONATHAN SCHAPP, ESQ.<br>ADAM ROSS DURST, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

### I. INTRODUCTION

      This is an insurance coverage dispute between plaintiff Russell Bryant ("Bryant" or "plaintiff") and defendant General Casualty Company of Wisconsin ("GCCW" or "defendant") arising from the collapse of a commercial building situated in Kingston, New York. Defendant has moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for

partial dismissal of plaintiff's amended complaint. The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

The following facts are drawn from Bryant's operative pleading, Dkt. No. 14, and are assumed true for purposes of resolving GCCW's partial motion to dismiss.[1]

Bryant is a Florida resident and the successor trustee of the William E. Bryant, Jr. and Alice E. Bryant Trust, an entity listed as the legal owner of the commercial building located at 634 Ulster Avenue in Kingston, New York (the "insured premises"). Am. Compl. ¶ 1. GCCW is a Wisconsin corporation headquartered in Sun Prairie, Wisconsin, engaged in the business of insurance. Id. ¶ 2.

Acting through a local agent, Bryant purchased from GCCW commercial property and casualty insurance policy number CCI1068272 (the "policy") to cover the insured premises for a one-year period beginning August 18, 2016. Am. Compl. ¶¶ 2, 5. According to plaintiff, the policy "insured against direct physical loss of or damage to the insured premises caused by collapse of part or all of the insured premises." Id. ¶ 6.

On March 24, 2017, while the insured premises were leased to a tenant who operated a restaurant inside the space, the building "sustained a covered collapse loss." Am. Compl. ¶¶ 7-8. Plaintiff alleges that even though he gave GCCW "prompt notice" of the loss, "duly submitted a claim" under the policy, and has cooperated with defendant's investigation

---

[1] GCCW has provided a certified copy of the insurance policy at issue. Ex. B to Schapp Decl., Dkt. No. 17-3. Although plaintiff did not attach his own copy of the policy to his operative complaint, that omission appears to have been an oversight: plaintiff included it as an exhibit to his prior pleading, Ex. A to Dkt. No. 1, and seems to have intended to attach it to his amended pleading, Am. Compl. ¶ 5 (referencing the policy as being "attached to this Complaint as Exhibit A"). Accordingly, the policy's language has also been considered in deciding the motion to dismiss.

- 2 -

of the loss and of the insurance claim, defendant refuses to pay. Id. ¶¶ 9-13. In addition to the cost of repairing and replacing the damage to the property, plaintiff alleges he is out the value of rental revenue from his tenant, who was forced to close the restaurant and relocate as a result of the unrepaired damage. Id. ¶¶ 9, 15, 29-31.

### III. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." Id.

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014) (Baxter, M.J.). In making this determination, a court generally confines itself to the "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (citation omitted).

However, in some cases, "a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." Goel, 820 F.3d at 559. "Even where a document is considered 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted).

"This generally occurs when the material considered is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 231 (2d Cir. 2016) (citation and internal quotation marks omitted).

## IV. DISCUSSION

New York law applies in this case even though the parties hail from Florida and Wisconsin. Where federal jurisdiction is based on diversity of citizenship, Am. Compl. ¶ 3, courts apply the choice-of-law rules of the forum state. Wausau Bus. Ins. Co. v. Horizon Admin. Servs. LLC, 803 F. Supp. 2d 209, 214 (E.D.N.Y. 2011) ("As this Court's jurisdiction is based on diversity, New York's choice of law analysis applies.").

In New York, these choice-of-law rules require a court to determine "which jurisdiction has the greatest interest in the litigation using a 'center of gravity' or 'grouping of contacts' approach." Wausau Bus. Ins. Co., 803 F. Supp. 2d at 214 (citing Maryland Cas. Co. v. Cont'l Cas. Co., 332 F.3d 145, 151 (2d Cir. 2003)).

As relevant here, "New York recognizes the precept that a court should apply 'the local law of the state which the parties understood was to be the principal location of the insured risk . . . unless with respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties.'" Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 152 (2d Cir. 2008) (citation omitted).

GCCW advances the position that New York law should apply because the insured premises are situated in Kingston, New York. Bryant also adopts New York law in his

opposition memorandum. Therefore, New York law will be applied. Cf. Lantheus Med. Imaging, Inc. v. Zurich A. Ins. Co., 255 F. Supp. 3d 443, 452 n.9 (S.D.N.Y. 2015) (applying forum law where "neither party assert[ed] that there [was] a meaningful difference between the two jurisdictions' laws with respect to the instant dispute" and collecting cases approving of this approach).

Turning to the substantive component of the parties' dispute, GCCW acknowledges the viability of Bryant's breach of contract claim but moves to dismiss his request to recover consequential, extra-contractual damages. Plaintiff responds that the motion should be denied because the availability of damages beyond the policy's stated limits were specifically contemplated by the parties when the policy was issued. Defendant replies that plaintiff is seeking "nothing more than compensation for physical damage to the property and lost rental revenue," two categories of damages that are specifically provided for in the policy's terms.

"In addition to general contract damages—*i.e.*, damages that flow from the natural and probable consequences of the breach—a plaintiff asserting a breach of contract claim may also recover 'special' or consequential' damages, which compensate for 'additional losses.'" E. Coast Res., LLC v. Town of Hempstead, 707 F. Supp. 2d 401, 410 (E.D.N.Y. 2010) (citations omitted); see also PNC Bank, Nat'l Ass'n v. Wolters Kluwer Fin. Servs., Inc., 73 F. Supp. 3d 358, 370 (S.D.N.Y. 2014) ("Under New York law, two types of damages may be pled in contract cases: (1) general damages and (2) consequential damages.").

Bryant's argument in favor of the availability of consequential damages in this dispute relies on Panasia Estates, Inc. v. Hudson Ins. Co., 10 N.Y. 3d 200 (2008) and Bi–Econ. Mkt., Inc. v. Harleysville Ins. Co. of N.Y., 10 N.Y. 3d 187 (2008), a pair of New York Court of

Appeals decisions governing the availability of extra-contractual damages in insurance contract disputes.

According to Bryant, Panasia and Bi–Economy permit a plaintiff to recover consequential damages so long as the complaint plausibly alleges "the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting." Pl.'s Mem. at 4-5. Plaintiff asserts this is true even where, as in this case, the policyholder has not "identif[ied] an express contract provision or specific language" that would otherwise permit special damages. Id. Plaintiff is correct.

However, in addition to this foreseeability component, Panasia and Bi–Economy also require a plaintiff to plausibly allege an insurer's bad faith in its handling of the claim. See, e.g., Sunrise One, LLC v. Harleysville Ins. Co. of N.Y., 293 F. Supp. 3d 317, 327 (E.D.N.Y. 2018) (collecting cases).

As the Court of Appeals explained in Panasia:

> [C]onsequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'

Panasia Estates, Inc., 10 N.Y. 3d at 203 (quoting Bi–Econ. Mkt., Inc., 10 N.Y.3d at 130); Sikarevich Family L.P. v. Nationwide Mut. Ins. Co., 30 F. Supp. 3d 166, 172 (E.D.N.Y. 2014) ("[P]laintiff may be entitled to consequential damages on its breach of contract claim, beyond the limits of its Policy, based on bad faith.").

This bad-faith requirement stems from a slightly confusing feature of New York contract law, which "recognizes as implicit in every contract a covenant of good faith and fair dealing in the course of contract performance." Payday Advance Plus, Inc. v. Findwhat.com,

Inc., 478 F. Supp. 2d 496, 503 (S.D.N.Y. 2007) (citation and internal quotation marks omitted).

"This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Fleisher v. Phoenix Life Ins. Co., 858 F. Supp. 2d 290, 298-99 (S.D.N.Y. 2012) (citation omitted). For instance, "where an insurer breaches its duty to investigate, bargain and settle claims in good faith, consequential damages may be recovered not limited by the amount specified in the insurance policy." Carden v. Allstate Ins. Co., 912 N.Y.S.2d 867, 870 (N.Y. Sup. Ct. 2010) (internal citations omitted).

The question, then, is how to adequately plead bad faith. Where, as here, the plaintiff's claim involves a breach of a contract, most courts hold that "a breach of the implied covenant is not a separate cause of action, but is instead one way of establishing a breach." Payday Advance Plus, Inc., 478 F. Supp. 2d at 503; Fishoff v. Coty Inc., 634 F.3d 647, 653 (2d Cir. 2011) ("A breach of the duty of good faith and fair dealing is considered a breach of contract."); Goldmark, Inc. v. Catlin Syndicate Ltd., 2011 WL 743568, at *4 (E.D.N.Y. Feb. 24, 2011) ("[T]he recovery of consequential damages constitutes additional recovery under the contract itself, and is not—and need not be pleaded as—an independent cause of action.").

However, under certain limited circumstances, some courts in New York are willing to recognize an insurer's bad faith as a standalone cause of action. Hastings Dev., LLC v. Evanston Ins. Co., 701 F. App'x 40, 44 (2d Cir. 2017) (summary order) (affirming dismissal of separate bad faith claim against insurer that allegedly refused to defend its insured in accordance with the policy); Ebrahimian v. Nationwide Mut. Fire Ins. Co., 960 F. Supp. 2d

405, 416 (E.D.N.Y. 2013) (explaining that "the Court of Appeals [in Sukup v. State of N.Y., 19 N.Y.2d 519 (1967) has] established that there is a cause of action for extra-contractual damages where an insurer refuses, in bad faith, to pay a claim of its own insured"); see also Gutierrez v. Gov't Emps. Ins. Co., 25 N.Y.S. 3d 625, 627 (N.Y. App. Div. 2d Dep't 2016) ("Such a cause of action is not duplicative of a cause of action sounding in breach of contract to recover the amount of the claim.").[2]

Bryant's litigation conduct suggests that plaintiff recognizes and understands these general rules. In the original complaint, plaintiff set forth two causes of action: one for a breach of contract and one purportedly based on a breach of the implied covenant of good faith and fair dealing. See Compl., Dkt. No. 1, ¶¶ 15-17 (setting forth second claim). Plaintiff has now filed an amended complaint, and the now-operative pleading omits the second cause of action in favor of a single breach of contract claim. Am. Compl. ¶¶ 14-32.

Bryant's decision to eliminate the second count from his pleading strongly suggests that he is not pursuing a separate bad faith claim of the kind recognized by the Court of Appeals in Sukup. Cf. Roman Catholic Diocese of Rockville Centre v. Gen. Reinsurance Corp., 2016 WL 5793996, at *3 n.6 (S.D.N.Y. Sept. 23, 2016) (approving of an amended pleading that merged these contract-based theories together into a single count for breach of contract).

---

[2] To further complicate matters, there is also a distinct bad-faith-in-tort cause of action lurking in New York case law. See, e.g., Dufficy v. Nationwide Mut. Fire Ins. Co., 2013 WL 6248529, at *2 (E.D.N.Y. Dec. 2, 2013); Quick Response Commercial Div., LLC v. AON Risk Servs. of Ill., Inc., 2012 WL 6021438, at *2 (N.D.N.Y. Dec. 4, 2012) (McAvoy, J.) ("[A]n independent claim that an insurer breached the implied covenant of good faith and fair dealing may be sustained if there is an underlying, independent tort sufficient to support a claim that the insurer engaged in egregious conduct directed to Plaintiff and which was a pattern directed to the public generally.").

Further, the operative, single-count amended complaint does not plausibly allege facts sufficient to sustain a claim of bad faith arising from GCCW's breach of the implied covenant of good faith and fair dealing. The pleading does include a few paragraphs that could be read as being suggestive of bad faith. But one of these is wholly conclusory. Am. Compl. ¶ 31. Another is totally circular. Id. ¶ 30. The other *facts* alleged amount, at best, to an accusation that defendant did not satisfy the insurance claim in the amount, or on the precise timeline, that plaintiff believed to be appropriate under the circumstances. Id. ¶¶ 17-21, 26.

Those facts, accepted as true, plausibly amount to GCCW's alleged non-performance of its obligations under the policy. They do not, however, amount to additional, bad faith behavior that would warrant compensation beyond the policy's limits. Cf. D.K. Prop., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, –N.Y.S.3d–, 2019 WL 237454 (N.Y. App. Div. 1st Dep't Jan. 17, 2019) (reversing trial court's dismissal of consequential damages claim based on implied covenant of good faith and fair dealing where plaintiff alleged specific facts substantiating a course of bad faith conduct); see also Sunrise One, LLC, 293 F. Supp. 3d at 328 ("Although courts in this Circuit acknowledge that an insured can theoretically recover consequential damages from an insurer in a breach of contract action, they have generally found that the plaintiff was unable to meet the high standard to prevail on such a claim." (citation and internal quotation marks omitted)).

Given this conclusion, Bryant's request to file another amended complaint will be denied.[3] GCCW acknowledges that the losses alleged by plaintiff in this litigation—the cost of repair to the covered property and the loss of certain business income and rental value—are covered by the policy's terms up to limits of $451,000 and $30,000, respectively. While plaintiff has not alleged facts that take him beyond the policy's limits, those numbers remain in play.

## V. **CONCLUSION**

The amended complaint does not plausibly allege bad faith and therefore Bryant's claim for consequential damages will be dismissed.

Therefore, it is

ORDERED that

1. Defendant's motion to dismiss any claim for consequential, extra-contractual damages is GRANTED; and

2. Plaintiff's request to file a second amended complaint is DENIED.

IT IS SO ORDERED.

Dated: January 30, 2019
       Utica, New York.

United States District Judge

---

[3] The arguments at issue in defendant's motion are substantially the same ones it asserted in its prior motion to dismiss, Dkt. No. 11, which was mooted when plaintiff filed his now-operative amended complaint, Dkt. No. 16.